UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOSPITAL SERVICE DISTRICT No. 1** | * | **CIVIL ACTION NO:** |
| **OF TERREBONNE PARISH** | * | |
| | * | **JUDGE:** |
| | * | |
| **VERSUS** | * | **MAG. JUDGE:** |
| | * | |
| | * | |
| **HARTFORD FIRE INSURANCE** | * | |
| **COMPANY** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

## COMPLAINT

Hospital Service District No. 1 of Terrebonne Parish, also known as Terrebonne General Health System, and formerly known as Terrebonne General Medical Center ("TGHS"), for its complaint against Hartford Fire Insurance Company ("The Hartford"), alleges as follows:

### PARTIES

1.      The plaintiff, TGHS, is a political subdivision of the State of Louisiana.

2.      Made defendant is The Hartford, a Connecticut corporation with a Connecticut principal place of business. The Hartford conducts business in the State of Louisiana.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

4.      This Court has personal jurisdiction over the The Hartford because it is authorized to sell or write insurance in Louisiana and, at all material times, has conducted substantial

insurance business in Louisiana, including engaging in the business of selling insurance that covers policyholders and activities located in Louisiana.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because The Hartford is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

6.      The Hartford sold policy No. 46 UFG ZX0065 to TGHS for the policy period April 1, 2019 to April 1, 2020 (the "Policy").

7.      The Hartford delivered the Policy to TGHS in Houma.

8.      The Policy includes an endorsement called "Additional Coverage Extensions for Healthcare" that provides coverage for Communicable Disease Contamination.

9.      The Communicable Disease Contamination coverage applies "[w]hen a governmental health authority having jurisdiction over the 'Insured Premises' has issued an order regarding an outbreak of a specific communicable disease at an 'Insured Premises.'"

10.     The coverage pays for "[t]he actual costs that [the insured] incur[s] to clean up, remove, restore, or replace contaminated Covered Property when required by the order due to the presence of a specific communicable disease at an 'Insured Premises'" as well as "the actual loss of Business Income or Rental Income [the insured] sustain[s] due to the actual impairment of [the insured's] operations from the requirements of the order during the Period of Restoration at an 'Insured Premises.'" The Period of Restoration begins "24 hours following the date [the insured] begin[s] to clean up, remove, restore or replace contaminated Covered Property" and ends on the "date [the insured] could restore [its] business operations" to pre-loss levels.

11.     A "communicable disease" means one that "[m]ay be transmitted directly or indirectly by one person or other life form to another; and . . . is due to . . . [a]n infectious agent; or . . . [a] toxic product produced by such infectious agent." COVID-19 is a communicable disease under the Policy.

12.     The Louisiana Department of Health ("LDH") is a "governmental health authority having jurisdiction over the 'Insured Premises.'" The LDH issued an order on March 18, 2020 that required TGHS to cease non-emergency medical procedures (the "LDH Order").

13.     The LDH has made clear that its order requiring cessation of non-emergency medical procedures was "a result of . . . [COVID-19] outbreaks at Louisiana hospitals, *including Terrebonne General Medical Center*." (Emphasis added.)

14.     TGHS suffered an actual loss of income due to the impairment of its operations including, but not limited to, the cessation of non-emergency medical procedures caused by compliance with the requirements of the LDH Order.

15.     TGHS is an "Insured Premises" under the Policy.

16.     TGHS made a claim under the Policy on April 15, 2020 for covered business interruption and contamination remediation losses following an outbreak of COVID-19 at TGHS and the ensuing LDH Order.

17.     The Hartford denied the claim in May 2020. The Hartford refused to change its coverage position despite multiple explanations. The Hartford incorrectly premised its denial on the LDH Order not being an order in response to an outbreak at an Insured Premises and not requiring specific cleanup measures.

## <u>Claims</u>

### Breach of Contract

18.     The allegations in Paragraphs 1-17 are incorporated herein by reference.

19.     The Hartford was and is required to indemnify TGHS for all losses resulting from the LDH Order to the extent consistent with the Policy.

20.     The Hartford wrongfully denied coverage to TGHS for losses resulting from the LDH Order in breach of the Policy.

21.     As a direct and proximate result of The Hartford's breach of the Policy, TGHS has suffered and will continue to suffer monetary damages to be determined at trial.

### Breach of Certain Provisions of Title 22

22.     The allegations in Paragraphs 1-21 are incorporated herein by reference.

23.     By arbitrarily and capriciously failing to timely pay the claim without a reasonable basis to do so, The Hartford violated La. R.S. §§ 22:1973 and 1892.

24.     Consequently, TGHS is entitled to penalties, attorneys' fees, and any other relief allowed in those statutes.

**WHEREFORE**, Plaintiff, TGHS, prays:

1)     That after due proceedings, judgment be rendered in TGHS's favor and against The Hartford for the damages detailed herein as a result of The Hartford's wrongful denial of coverage;

2)     For all costs of these proceedings;

3)     For bad-faith penalties, pre- and post-judgment interest, and attorneys' fees; and

4)      For all equitable and general relief to which TGHS may be entitled, under any theory whatsoever, including for any and all damages flowing from The Hartford's conduct, whether pled or not.

                Respectfully submitted,

                /s/ Harold J. Flanagan
                Harold J. Flanagan (#24091)
                Laurent J. Demosthenidy (#30473)
                Gabrielle A. Ball (#39111)
                FLANAGAN PARTNERS LLP
                201 St. Charles Ave., Suite 3300
                New Orleans, LA 70170
                Telephone: (504) 569-0235
                Facsimile: (504) 592-0251
                hflanagan@flanaganpartners.com
                ljd@flanaganpartners.com
                gball@flanaganpartners.com

                *Attorneys for Plaintiff, Hospital Service District No. 1 of Terrebonne Parish*