UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOSPITAL SERVICE DISTRICT NO. 1 OF TERREBONNE PARISH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-689** |
| **HARTFORD FIRE INSURANCE COMPANY** | **SECTION: "P" (2)** |

# JUDGMENT

Considering the Order and Reasons entered herein on February 22, 2024,[1]

**IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of the defendant, Hartford Fire Insurance Company, and against the plaintiff, Hospital Service District No. 1 of Terrebonne Parish, dismissing said plaintiff's complaint with prejudice.

New Orleans, Louisiana, this 22nd day of February 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[1] R. Doc. 58. The Court notes that because the issues of coverage and damages were previously bifurcated, *see* R. Doc. 36, plaintiff's claims for extra-contractual damages under La. R.S. § 22:1892 and La. R.S. § 22:1973 were not addressed in the Court's Order and Reasons. Nevertheless, absent a valid underlying claim for breach of contract, a cause of action for statutory penalties under La. R.S. § 22:1892 and La. R.S. § 22:1973 cannot survive. *See e.g.*, *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 (5th Cir. 2016); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010). Thus, considering the failure of plaintiff's underlying claim for coverage, *see* R. Doc. 58, plaintiff's claims for extra-contractual damages under La. R.S. § 22:1892 and La. R.S. § 22:1973 necessarily fail as a matter of law.